UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT CLYDE & EVE
DESPARD,

      Plaintiffs,

  v.

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

      Defendant.
_____/

Case No. 2:25-cv-755-KCD-DNF

# **ORDER**

Plaintiffs Robert Clyde and Eve Despard sue their insurance company, Defendant Progressive American Insurance Company, for uninsured motorist benefits. (Doc. 5.)[1] The case started in state court, but Progressive timely removed it here under diversity jurisdiction. (Doc. 1.) Plaintiffs now move to remand the case back to state court, arguing that Progressive has not shown that the parties are diverse and has not provided sufficient evidence that the amount in controversy exceeds the $75,000 needed for diversity jurisdiction. (Doc. 15.)

A defendant can remove a case from state court to federal court if the case could have been brought in federal court in the first instance. 28 U.S.C. §

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

1441. Pertinent here, federal courts "have original jurisdiction over . . . civil actions where [there is] diversity." *Stoni Med. Staffing v. Ally Fin.*, No. 4:23-CV-3, 2023 WL 11841026, at *2 (S.D. Ga. Sept. 26, 2023). Diversity jurisdiction is triggered when the parties are citizens of different states and the amount in controversy exceeds $75,000. *Hambrick v. Wal-Mart Stores E., LP*, No. 4:14-CV-66 CDL, 2014 WL 1921341, at *1 (M.D. Ga. May 14, 2014). Both prongs are at issue here.

### A. Diversity of Citizenship

The party seeking federal jurisdiction must prove, by a preponderance of the evidence, facts supporting its existence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). For diversity jurisdiction, this requires "complete diversity; every plaintiff must be diverse from every defendant." *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

Progressive adequately pleads diversity, alleging that Plaintiffs are citizens of Florida and it is an Ohio corporation with its principal place of business in Ohio. (Doc. 1 ¶¶ 17, 20.) A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). Despite this binding authority, and with no citation to any authority of their own, Plaintiffs appear to argue that because Progressive has a large "campus" in Tampa, it should be considered a Florida corporation. (Doc. 15 at 3.) Not so. A

corporation's principal place of business is its "nerve center," a term "best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). For Progressive, Ohio is the state that checks these boxes. (*See* Doc. 1-6.)

## B. Amount in Controversy

Plaintiffs request damages that "exceed the sum of $50,000." (Doc. 5 at ¶ 1.) When a complaint does not allege a specific damage amount, as here, "the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). This requires "facts supporting jurisdiction," not merely allegations. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). The evidence must be "sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007). But the court must not consider unspecified damages that are too speculative. *See Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012). If the removing defendant fails to satisfy its burden, then the "proper course of action is to remand the case[.]" *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Progressive argues that several pieces of evidence combine to satisfy the jurisdictional threshold for damages. Namely, the complaint's allegations, Plaintiffs' initial disclosures, a pre-suit demand letter, and the civil cover sheet. (Doc. 1 at 8; Doc. 18 at 4-12.)

A demand letter is not always determinative of the amount in controversy. This is because, "by their nature, settlement offers (particularly presuit) reflect a fair amount of puffing and posturing." *Gagnon v. Petsmart, Inc.*, No. 2:20-CV-676-FTM-38-MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). On the other hand, "settlement offers that provide specific information ... suggest the plaintiff is offering a reasonable assessment of the value of his claim." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). The latter group—settlement offers that are "relevant" and "detailed"—are entitled to more weight and can support removal. *Gagnon*, 2020 WL 13356800, at *1. Put simply, a proposed settlement is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim.

The demand letters here detail the extent of Plaintiffs' injuries, the physicians who have treated them, and the medical care received. (Docs. 18-5, 18-6.) Plaintiffs also detail the pain and suffering they have endured. (*Id.*) Given these details, the Court is satisfied that the demand letters reflect an honest assessment of the damages, rather than mere puffery. *See Chiari v.*

4

*Wal-Mart Stores, E., LP*, No. 17-61352-CIV, 2018 WL 4409985, at *6 (S.D. Fla. June 29, 2018) (choosing to consider pre-suit demand letter that was similarly descriptive). Beyond the demand letter, Plaintiff Eve Despard's initial disclosures provide that her medical expenses have risen to $61,669. (Doc. 1-8 at 5-6.) When these hard damages are combined with past pain and suffering, the jurisdictional threshold is easily met. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) ("[W]here the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-controversy requirement, § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified.").

Reviewing the record using "judicial experience and common sense," *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010), the Court is satisfied that the amount in controversy exceeds its jurisdictional threshold and the parties are diverse. Accordingly, Plaintiffs' motion for remand (Doc. 15) is **DENIED**.

**ORDERED** in Fort Myers, Florida on October 2, 2025.

Kyle C. Dudek
United States District Judge